# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Yuehua Luo, Yiwu Zishi E-commerce Co., Ltd., et al.<br><br>Plaintiff<br><br>v.<br><br>Changsha Padewan Technology Co., Ltd.,<br><br>Defendants | Case No. 1:25-cv-04623<br><br>**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS** |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

**I. INTRODUCTION**

Plaintiff Yuehua Luo, Yiwu Zishi E-commerce Co., Ltd. ("Plaintiff" or "Counter-Defendant") respectfully submits this Motion to Dismiss Counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The counterclaims asserted by Defendants— Changsha Padewan Technology Co., Ltd., and affiliated parties ("Defendants")—fail to state a claim upon which relief can be granted and are based on conclusory and unsupported allegations. Specifically, Defendants seek: (1) declaratory relief challenging Plaintiff's trademark rights; (2) a judicial order compelling Amazon to take down product listings; and (3) monetary damages allegedly resulting from a 10-day product delisting without factual or legal basis. For the reasons set forth below, all counterclaims should be dismissed with prejudice.

**II. LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a counterclaim must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility requires more than a sheer possibility that a defendant has acted unlawfully; it demands factual content that allows the court to draw a reasonable inference of liability. Legal conclusions couched as factual allegations are not entitled to the presumption of truth. McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011).

### III. ARGUMENT

**A. Defendants' Trademark Invalidation Theory is Misstated and Legally Deficient**

Plaintiff Yuehua Luo holds the registered U.S. trademark for "PAODEY" in Class 14 (Reg. No. 6498744). Defendant, Changsha Padewan Technology Co., Ltd., is now seeking to register the same "PAODEY" mark in Class 28. This attempt appears to constitute an effort to encroach upon Plaintiff's established trademark rights and may serve as favorable evidence of bad faith or malicious intent in this litigation.

First, contrary to Defendants' implications, Plaintiff prevailed in related litigation in China. The referenced Chinese court decisions (see Exhibit A, CN Court Judgments with certified translations) confirm that Plaintiff successfully defended against Defendants' contractual and commercial claims. These rulings—now final—further reinforce Plaintiff's rightful commercial use and legitimacy in the mark.

Second, priority of trademark rights in the United States is governed by 15 U.S.C. § 1057(c), which provides that rights are determined by the first to use or file in U.S. commerce. While Defendants' Class 14 registration issued on August 31, 2021, Plaintiff's Class 28 application was filed subsequently and concerns a different class of goods. The scope, priority, and enforceability of the parties' respective rights involve factual and legal questions better suited for resolution through administrative proceedings before the Trademark Trial and Appeal Board (TTAB), such as

opposition or cancellation actions.

Accordingly, this Court should refrain from adjudicating matters more properly addressed through USPTO processes. Moreover, there is no standalone cause of action under the Lanham Act allowing a party to seek invalidation of a competitor's U.S. trademark through a counterclaim absent a legally cognizable basis for relief.

### B. No Cognizable Cause of Action Exists to Compel Amazon to Remove Listings

Defendants' request for a judicial order compelling Amazon to remove product listings is not cognizable under U.S. trademark law. There is no private right of action under the Lanham Act—or any analogous federal law—that authorizes courts to compel a private platform like Amazon to act on enforcement requests. See *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014).

Defendants were engaged in bad-faith enforcement efforts through Amazon's Brand Registry, despite lacking any trademark rights in the United States. Their attempt to invoke judicial authority to force Amazon's removal of Plaintiff's listings—without a valid U.S. basis—amounts to an improper use of both Amazon's internal policies and the judicial process (See Exhbit B). Absent lawful grounds or good-faith claims, such requests fall outside the scope of legitimate relief under U.S. trademark law.

### C. DAMAGES ALLEGATIONS ARE CONCLUSORY AND UNSUPPORTED

Defendants claim damages from a 10-day product delisting but fail to allege any actionable conduct or causal nexus (See Exhibit B). They have not pled:

- Any false statement made by Plaintiff;

- Any bad faith or malicious intent;

- Any statutory or contractual duty violated.

Conclusory allegations of financial harm are insufficient under *Iqbal* and *Twombly*. See also *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009).

**D. Plaintiff Has Established Continuous and Lawful Use in U.S. Commerce**

Pursuant to 15 U.S.C. § 1127, a trademark is deemed "used in commerce" when it is placed in any manner on the goods or their containers and such goods are sold or transported in commerce. Plaintiff's use of the PAODEY mark fully satisfies this statutory requirement. Specifically, Plaintiff has:

- Maintained a longstanding and active Amazon storefront presence (See Exhibit B and C);

- Offered products with verified listings, customer transactions, and positive reviews;

- Relied on Amazon's Fulfillment by Amazon (FBA) program and engaged in procurement transactions exceeding RMB 4,000,000 in total value (See Exhibit C).

This extensive and continuous use demonstrates bona fide commercial activity and brand recognition. Courts have repeatedly recognized that online commerce, including through platforms such as Amazon, can establish valid use in commerce under the Lanham Act. See Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1195–96 (11th Cir. 2001); Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1204–06 (9th Cir. 2012). Plaintiff's documented operations meet and exceed these legal standards, confirming lawful and continuous use of the PAODEY mark well before any date asserted by Defendants.

**E. Defendants' Trade Dress Allegations Are Unsupported**

Plaintiff's product packaging, design, and marketing presentation are materially distinct from those of Defendants, as illustrated in Exhibit 10. The Plaintiff's packaging features unique

branding, color schemes, and layout configurations that reflect independent creativity and consumer source identification. Defendants' assertions regarding product confusion or misappropriation lack any substantive basis in law or fact.

Trade dress claims require proof of non-functionality, distinctiveness, and likelihood of confusion. See Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 776 (1992). Here, Plaintiff's product and packaging clearly stand apart. The side-by-side comparison undermines any plausible confusion argument and supports the dismissal of any implied trade dress claims embedded in the counterclaims.

## IV. LACK OF CAUSAL LINK BETWEEN TAKEDOWN AND ALLEGED DAMAGES

Defendants allege a 10-day disruption of sales due to Amazon's takedown request but fail to establish a causal nexus between the takedown and any actionable harm (See Exhbit B). The Lanham Act does not provide a remedy for incidental business disruption absent a showing of bad faith, falsity, or malice in initiating an enforcement action. See *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

Plaintiff acted through Amazon's Brand Registry system based on its good-faith belief in its trademark rights, supported by continuous U.S. use and a valid U.S. registration for the "PAODEY" mark in Class 14. Although the counterparty holds registrations for the "PAODEY" mark in China and the UK, Plaintiff Luo Yuehua prevailed in two prior contractual dispute proceedings in China against the same counterparty—both of which resulted in favorable judgments (Exhibit D-4).

Accordingly, Plaintiff had a legitimate basis for requesting Amazon's takedown under its internal policies, precluding any viable claim for wrongful enforcement or tortious interference.

## V. FOREIGN TRADEMARK RIGHTS AND GLOBAL RECOGNITION

The U.S. judicial system recognizes international trademark rights under principles of comity and fair competition; however, trademark protection remains territorial in nature. Plaintiff Yuehua Luo is the rightful owner of the registered U.S. trademark "PAODEY" in Class 14. The Defendant, Changsha Padewan Technology Co., Ltd., does not currently hold a U.S. registration but is now attempting to obtain registration for the same mark in Class 28. This conduct raises serious concerns of bad-faith trademark squatting, particularly given Plaintiff's prior lawful registration and ongoing commercial use in U.S. commerce.

As affirmed in Empresa Cubana Del Tabaco v. Culbro Corp., 399 F.3d 462 (2d Cir. 2005), U.S. courts may recognize foreign trademark rights where appropriate, but such recognition does not extend to undermining lawfully obtained U.S. trademark rights in the absence of actionable misconduct—which is wholly lacking here. Defendant's attempt to rely on a UK registration while pursuing a competing U.S. application for the same mark should be viewed as improper and potentially in bad faith, and may serve as further evidence supporting Plaintiff's claims.

## VI. CONCLUSION

For all the foregoing reasons, the Counterclaims should be dismissed in their entirety, with prejudice. Defendants fail to state any claim upon which relief can be granted, and the allegations lack legal or factual merit. The Court should also grant such other and further relief as it deems just and proper.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the Motion to Dismiss in its entirety, dismiss all Counterclaims with prejudice, and grant such other and further relief as the Court deems just and proper.

DATED: July 14 , 2025                     Respectfully submitted,

**s/Sang Young Han**
Sang Young Han, NY #5843792
Motion for *pro hac vice* forthcoming.
YK Law (New Jersey)
333 Sylvan Ave,
Englewood Cliffs, NJ 07632
(T) 716 907 7339
bhan@yklawnj.com

*Attorney for the Plaintiff*